**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JILLIAN S. FRANSIOLI and JENNIFER BUSTILLO, individually and on behalf of all other similarly situated persons, known and unknown, | ) ) ) ) | Case No. 17-cv- |
| | ) | Judge |
| Plaintiffs, | ) ) | |
| | ) | PLAINTIFFS' COLLECTIVE |
| v. | ) ) | ACTION AND CLASS ACTION COMPLAINT |
| 25 W. HUBBARD INC., d/b/a SOCIAL TWENTY FIVE; 113 W. HUBBARD LLC, d/b/a MERCER 113; and ROMAN SANCHEZ, an individual, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

Jillian S. Fransioli ("Fransioli") and Jennifer Bustillo ("Bustillo"), each individually and on behalf of other similarly situated persons known and unknown, by and through their attorneys LAW OFFICE OF RICHARD J. ZITO LLC, bring this action against the above-named defendants pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), 820 ILCS 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), and 820 ILCS 115/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), to recover unpaid wages and interest thereon, liquidated damages, attorneys' fees, and costs, and in support thereof allege as follows:

**Introduction**

1.     The named Plaintiffs and those they seek to represent (hereinafter collectively "Plaintiffs") are current and former tipped employees of Defendants who worked as bartenders and cocktail servers at bars, night clubs, or other establishments operated by Defendants.

2.      At all relevant times, Defendants were engaged in the business of operating nightclubs in Chicago including Social Twenty-Five, located at 25 W. Hubbard Street, and Mercer 113, located at 113 W. Hubbard Street.

3.      At all relevant times, Defendants paid their tipped employees below the minimum wage, justifying such underpayment by improperly applying a 'tip credit' to such wages. Such tip credit is available only to the employers of tipped employees who comply with the relevant provisions of the FLSA and IMWL.

4.      By operating an invalid tip pool, Defendants did not comply with the relevant tip credit provisions of the FLSA and IMWL and that failure to comply was willful.

5.      Defendants also required Plaintiffs to perform additional office duties for which they were unpaid, in violation of the minimum wage and overtime provisions of the FLSA and IMWL. This clerical work was not logged on Plaintiffs' time sheets and, in some instances, was made a condition of being scheduled for bartending and waitressing shifts in violation of the IWPCA.

## Allegations Related to Invalid Tip Pool

6.      Plaintiffs were directed by managerial staff, including but not limited to Defendant Roman Sanchez, to remit 15% of their nightly gratuities to "the house," which Plaintiffs understood to mean either the general operating funds of their employers' business, the personal coffers of Defendant Sanchez, or both.

7.      At the close of business every night, each cocktail server and bartender on duty would tally up its cash and credit card receipts and calculate his or her 15% "house tip out," which was payable in cash from Plaintiffs to the manager in duty before leaving work.

8. On occasions when Plaintiff Fransioli inquired as to the propriety of the "house tip," she was told by Defendant Sanchez that the unlawfully shared 15% was used to pay for security staff and cleaning services contracted by Defendants and that "it was for her own protection" and to "leave well enough alone."

9. While the FLSA and the IMWL may permit an employer with tipped employees to pay those employees an hourly rate that is below the standard minimum wage, their eligibility to do so is contingent upon the employer's compliance with the tip-credit provisions provided by the statutes. *See* 29 U.S.C. § 203(m); 820 ILCS 105/4(3)(c).

10. Defendants did not comply with the tip-credit provisions of the FLSA and IMWL because they operated a tip pool that was illegally by virtue of the participation by management and ownership in the sharing of employee tips. 29 C.F.R. § 531.59.

11. Defendants' conduct with respect to this illegal tip pool was willful and Plaintiffs were harmed as a consequence of such conduct.

**Allegations Related to Unpaid Wages for Non-Tipped and Off-the-Clock Work**

12. In addition to their regular bartending or cocktail serving duties, Defendants required Plaintiffs to perform a substantial amount of non-tippable work for which they were either underpaid or, more often, unpaid entirely.

13. Each night after closing, Plaintiffs' additional job responsibilities included tallying and tabulating sales receipts in order to both assist Defendants with their bookkeeping as well as to calculate and then effectuate the mandatory, illegal "tip out" to management described above.

14. These job duties generally took place after all customers had left the facility and the night club was for all practical purposes converted into an office in which Plaintiffs performed their clerical functions at the behest and for the benefit of Defendants.

15.     These clerical and accounting job functions performed by Plaintiffs were not merely incidental to Plaintiffs' tipped duties; rather, they constituted a distinct change of work conditions and type of work and were performed for a specific, routinized, and regular period at the end of each shift.

16.     Additionally, Plaintiffs would be compelled to remain at the closed nightclub while other employees or management worked on clerical matters.

17.     Defendants did not regularly log these hours, which averaged at least an hour per shift, on the Plaintiffs' hourly time sheets.

18.     In any instances in which Plaintiffs' hourly time sheets did accurately and completely reflect their time engaged performing the after-closing clerical work described above, Plaintiffs were paid a below minimum wage rate for such time.

19.     Moreover, Plaintiffs Fransioli and Bustillo were recruited by Defendant Sanchez to perform additional job duties for Defendants "off the clock" as a condition of their continued employment.

20.     These off-the-clock duties required Plaintiff Fransioli to work on preparing marketing lists in the office once a week for approximately six months.  Plaintiff Fransioli was not paid for any of these hours, and was instead told by Defendant Sanchez that her cooperation was crucial to remaining in the bartending and waitressing scheduling picture.

21.     Plaintiff Bustillo was also similarly conscripted for "office duty" for a period of approximately three months pursuant to substantially similar conditions—namely, no pay and the looming threat of an adverse employment action in the event she did not comply with the terms.

22.     Defendants' failure to pay hourly wages to its employees for hours worked constitutes a violation of the FLSA and IMWL.

23.     Defendants' conduct with respect to these unpaid hours was willful and Plaintiffs were harmed as a consequence of such conduct.

## Jurisdiction & Venue

24.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction" and federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.  Each Named Plaintiff has executed a consent form, attached hereto as Exhibit 1 and Exhibit 2.

25.     This Court has supplemental jurisdiction over Plaintiff's Illinois law claims under pursuant to 28 U.S.C. § 1337.

26.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside and do business therein, and pursuant to 28 U.S.C. § 1391(b)(2) because the facts and events giving rise to Plaintiffs' claims occurred therein.

## Parties

27.     Named Plaintiff JILLIAN S. FRANSIOLI worked as an hourly paid, non-exempt bartender and cocktail server for Defendants at their Social Twenty-Five and Mercer 113 locations during the applicable statute of limitations period.

28.     Named Plaintiff JENNIFER BUSTILLO worked as an hourly paid, non-exempt cocktail server for Defendants at their Social Twenty-Five location during the applicable statute of limitations period.

29.     Each of the Named Plaintiffs and those they seek to represent were "tipped employees" of Defendants within the meaning of the FLSA and IMWL.

30.     Each of the Plaintiffs was required to participate in Defendants' illegal tip pool.

31.     Defendant 25 W. HUBBARD INC. is an Illinois corporation doing business as Social Twenty-Five. At all relevant times, 25 W. HUBBARD INC. regularly and customarily transacted business within this judicial district and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

32.     Defendant 113 W. HUBBARD LLC is an Illinois limited liability company doing business as Mercer 113.  At all relevant times, 113 W. HUBBARD LLC regularly and customarily transacted business within this judicial district and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

33.     Defendant ROMAN SANCHEZ is an owner, operator, and manager of 25 W. HUBBARD INC. and 113 W. HUBBARD LLC and was involved in their day-to-day operations. Defendant ROMAN SANCHEZ had the authority to hire and fire employees, the authority to direct and supervise the work of the employees, the authority to sign on corporate checking accounts, including accounts used for payroll, and the authority to make decisions regarding wage and hour classifications, employee classifications, employee timekeeping policy, and capital expenditures.  At all relevant times, Defendant ROMAN SANCHEZ acted on behalf of and in the interests of 25 W. HUBBARD INC. and 113 W. HUBBARD LLC in devising, directing, implementing, and supervising the wage and hour policies and practices related to hourly-paid employees, including those policies and practices that are the subject of this action and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

34.     Defendants individually and collectively managed the work of Named Plaintiffs and the work of those Named Plaintiffs seek to represent, including without limitation, the amount of

time worked, the amount of time recorded, and the compensation paid thereto. Defendants individually and collectively dictated, controlled, and ratified all employment compensation policies to which Named Plaintiffs and those they seek to represent were subject.

35.     At all relevant times, each Defendants was "an enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

**Nature of the Suit**

36.     Named Plaintiffs bring a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) on behalf of themselves and others who currently or formerly worked as hourly paid, non-exempt bartenders, cocktail servers, or other employees performing similar responsibilities for Defendants in Illinois at any time during the three years immediately preceding the filing of this action (hereinafter "FLSA Statutory Period").

37.     Named Plaintiffs bring a class action under the IMWL on behalf of themselves and others who currently or formerly worked as hourly paid, non-exempt bartenders, cocktail servers, or other employees performing similar responsibilities for Defendants in Illinois at any time during the three years immediately preceding the filing of this action (hereinafter "IMWL Statutory Period").

38.     Named Plaintiffs bring a class action under the IWPCA on behalf of themselves and others who currently or formerly worked as hourly paid, non-exempt bartenders, cocktail servers, or other employees performing similar responsibilities for Defendants in Illinois at any time during the ten years immediately preceding the filing of this action (hereinafter "IWPCA Statutory Period").

**Count I**
**Violation of Fair Labor Standards Act**
**Collective Action for Unpaid Minimum Wages Resulting from Invalid Tip Pool**

39. Plaintiffs re-allege and incorporate by reference paragraphs 1-38 as this paragraph 39.

40. The FLSA permits an employer to pay less than the statutory minimum wage to an employee who receives tips. 29 U.S.C. § 203(m). In doing so, an employer may avail itself of a "tip credit," which allows the employer to include the amount that an employee receives in tips when calculating the tipped employee's wages. *Id.*

41. To be eligible for a tip credit under the FLSA, the employer must satisfy several conditions, including adherence to the principle that each tipped employee is entitled to retain all tips he or she receives, except those tips subject to a valid tip pool among employees who customarily and regularly receive tips. *Id.*

42. Defendants violated the FLSA by requiring Plaintiffs to participate in an invalid tip pool in which they were required to pay a percentage of their tips to Defendants who retained such tips for their own use.

43. Plaintiffs' participation in the tip pool was mandatory and imposed by Defendants as a condition of Plaintiffs' employment.

44. As a consequence of the operation of this invalid tip pool, Defendants were at all relevant times ineligible to lawfully avail themselves of the tip credit contemplated by 29 U.S.C. § 203(m) and as a result unlawfully paid hourly compensation to Plaintiff that was below minimum wage.

45. At all relevant times, Defendants' failure to pay wages at the correct rate of pay was willful and Plaintiffs have suffered harm as a proximate result of Defendants' unlawful conduct.

46. Named Plaintiffs and other hourly employees working as bartenders and cocktail servers for Defendants during the FLSA Statutory Period are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

47.     Accordingly, Plaintiffs bring this collective action under the FLSA to recover all unpaid regular wages earned by Plaintiffs during the FLSA Statutory Period and liquidated damages thereon.

### Count II
### Violation of Illinois Minimum Wage Law
### Class Action for Unpaid Minimum Wage Resulting from Invalid Tip Pool

48.     Plaintiffs re-allege and incorporate by reference paragraphs 1-47 as this paragraph 48.

49.     The IMWL permits employers to pay less than the statutory minimum wage to an employee who receives tips.  820 ILCS 105/4(c).  In doing so, an employer may avail itself of a "tip credit," which allows the employer to include in its calculation of tipped employees' wages an amount (not to exceed 40% of the regular minimum wage) that an employee receives in tips.

50.     To apply a tip credit to an employee's minimum wage under Illinois law, an employer must satisfy several conditions, including providing "substantial evidence that the amount claimed . . . was received by the employee . . . and no part thereof was returned to the employer." *Id.*

51.     Defendants violated the IMWL by requiring Plaintiffs to participate in an invalid tip pool in which they were required to pay a percentage of their tips to Defendants who retained such tips for their own use.

52.     This invalid tip pool included Defendants' management and ownership including Defendant Sanchez himself.

53.     The Defendants participating and benefiting from the tip pool had the authority to make hiring, firing, and other staffing and scheduling decisions.

54.     The IMWL requires an employer to pay employees minimum wages for all hours worked.  820 ILCS 105/4, *et seq.*

55.     An employer who violates the provisions of the IMWL is liable to affected for, *inter alia*, unpaid wages, costs, attorney fees, and damages of 2% of the amount of such underpayment for each month following the date of underpayment. 820 ILCS 105/12(a).

56.     Defendants' failure to pay wages at the correct rate of pay was willful and Plaintiffs have suffered harm as a proximate result of Defendants' unlawful conduct.

57.     As a consequence of Defendants' willful violations of the IMWL described herein, Plaintiffs were paid an incorrectly low regular rate of pay.

58.     Accordingly, Plaintiffs bring their claims for relief under this Count II individually and as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").  The IMWL Class is defined as

> **"All persons who are currently or formerly employed by 25 W. Hubbard, Inc., 113 W. Hubbard LLC, Social Twenty-Five, Mercer 113, or Roman Sanchez as bartenders or cocktail servers in Illinois at any time during the IMWL Statutory Period."**

59.     This action is properly maintainable as a class action under Rule 23 of the FRCP because the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class; the claims of the Named Plaintiffs are typical of the claims of the class; and the Named Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

60.     Upon information and belief, the number of putative class members exceeds 55 persons. The exact number of class members may be determined from discovery and examination of the Defendants' payroll records.

61.     There are questions of fact and law common to the class, including without limitation:

        A.     Whether Defendants required Plaintiffs to participate in the tip pool described in the Complaint;

B.      Whether Defendants retained a "house tip" for its own use;

C.      Whether Defendants can offer "substantial evidence" that no part of Plaintiffs' tips were retained by Defendants;

D.      Whether Defendants failed to keep and maintain true and accurate records of the amounts of tips received by Plaintiffs;

E.      Whether Defendants failed to keep and maintain true and accurate records of how they distributed Plaintiffs' tips; and

F.      Whether Defendants failed to keep and maintain accurate timekeeping records of Plaintiffs' work.

62.     The damages suffered by the putative class members arise from the same nucleus of operative facts.  Moreover, the nature of the damages described in this Count II lends itself to computing damages by way of a mathematical formula applicable to each class member.

63.     The Named Plaintiffs will fairly and adequately protect the interests of the class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

64.     The claims asserted herein are typical of the class members they seek to represent.

65.     Upon information and belief, there are no other members of the putative class who have an interest controlling the prosecution of his or her individual claims.  Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

**Count III**
**Violation of Illinois Wage Payment and Collection Act**
**Class Action for Wage Theft**

66.     Plaintiffs re-allege and incorporate by reference paragraphs 1-65 as this paragraph 66.

67. The IWPCA requires employers using a semi-monthly pay period to pay every employee his or her wages not later than 13 days after the end of the pay period in which they were earned.

68. Plaintiffs and Defendants were parties to an employment contract or agreement in connection with Plaintiffs' work for Defendants.

69. Defendants have unlawfully withheld and continue to unlawfully withhold hourly wages payable to Plaintiffs pursuant to their employment as described in the Complaint.

70. Defendants have unlawfully withheld and continue to unlawfully withhold tips amounts that rightfully belong to Plaintiffs and that were confiscated by Defendants in connection with the invalid tip pool described in Counts I and II of the Complaint, *supra*.

71. Accordingly, Plaintiffs bring their claims for relief under this Count III individually and as a class pursuant to Rule 23 of the FRCP. The IWPCA Class is defined as

> **"All persons who are currently or formerly employed by 25 W. Hubbard, Inc., 113 W. Hubbard LLC, Social Twenty-Five, Mercer 113, or Roman Sanchez as bartenders or cocktail servers in Illinois at any time during the ten (10) years immediately preceding the filing of the Complaint."**

72. This action is properly maintainable as a class action under Rule 23 of the FRCP because the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class; the claims of the Named Plaintiffs are typical of the claims of the class; and the Named Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

73. Upon information and belief, the number of putative class members exceeds 55 persons. The exact number of class members may be determined from discovery and examination of the Defendants' payroll records.

74. There are questions of fact and law common to the class, including without limitation:

A. Whether the amounts underpaid to Plaintiffs by Defendants during the IWPCA Statutory Period constitute wages within the meaning of the IWPCA;

B. Whether the tips unlawfully retained by Defendants during the IWPCA Statutory Period constitute wages within the meaning of the IWPCA; and

C. Whether Plaintiffs were timely paid all compensation due them under the IWPCA.

75. The damages suffered by the putative class members arise from the same nucleus of operative facts. Moreover, the nature of the damages described in this Count III lends itself to computing damages by way of a mathematical formula applicable to each class member.

76. Named Plaintiffs will fairly and adequately protect the interests of the class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

77. The claims asserted herein are typical of the class members they seek to represent.

78. Upon information and belief, there are no other members of the putative class who have an interest controlling the prosecution of his or her individual claims. Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

**Count IV**
**Violation of Fair Labor Standards Act**
**Collective Action for Unpaid Minimum Wages for Off-Clock Work**

79. Plaintiffs re-allege and incorporate by reference paragraphs 1-78 as this paragraph 79.

80. The FLSA requires an employer to pay a minimum wage for each hour worked by one of its employees. 29 U.S.C. §§ 206, 218.

81.    Plaintiffs were routinely required to work "off the clock" at the end of shifts in order to perform clerical and accounting duties that were wholly distinct in character from their regular duties as bartenders and cocktail servers.  *See* ¶¶ 12-18, *supra*.

82.    Further, Plaintiffs were routinely "engaged to wait" and required to remain at work at the end of shifts while managers or other employees were performing other end-of-night and closing duties.  *Id.*

83.    Defendants' method of timekeeping for Plaintiffs intentionally and systematically ignored most if not all of the hours worked by Plaintiffs in the capacities described in this Count IV.

84.    Defendants' failure to pay Plaintiffs for the work described in this Count IV was willful and Plaintiffs have suffered harm as a proximate result of Defendants' unlawful conduct.

85.    As a consequence of Defendants' willful violations of the FLSA described herein, Plaintiffs were not paid a minimum wage for each hour of work performed by them.

86.    Named Plaintiffs and other hourly employees working as bartenders and cocktail servers for Defendant during the FLSA Statutory Period are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

87.    Accordingly, Plaintiffs bring this collective action under the FLSA to recover all unpaid regular wages earned by Plaintiffs during the FLSA Statutory Period.

## Count V
## Violation of Illinois Minimum Wage Law
## Class Action for Unpaid Minimum Wages for Off-Clock Work

88.    Plaintiffs re-allege and incorporate by reference paragraphs 1-87 as this paragraph 88.

89.    The IMWL requires an employer to pay a minimum wage for each hour worked by one of its employee.  820 ILCS 105/4.

90.     Plaintiffs were routinely required to work "off the clock" at the end of shifts in order to perform clerical and accounting duties that were wholly distinct in character from their regular duties as bartenders and cocktail servers. *See* ¶¶ 12-18, *supra*.

91.     Further, Plaintiffs were routinely "engaged to wait" and required to remain at work at the end of shifts while managers or other employees were performing other end-of-night and closing duties. *Id.*

92.     Defendants' method of timekeeping for Plaintiffs intentionally and systematically ignored most if not all the hours worked by Plaintiffs in the capacities described in this Count V.

93.     Defendants' failure to pay Plaintiffs for the work described in this Count V was willful and Plaintiffs have suffered harm as a proximate result of Defendants' unlawful conduct.

94.     As a consequence of Defendants' willful violations of the IMWL described herein, Plaintiffs were not paid a minimum wage for each hour of work performed by them.

95.     Accordingly, Plaintiffs pursuant to Rule 23 of the FRCP bring their claims for relief under this Count V individually and on behalf of the putative IMWL Class as defined above.

96.     This action is properly maintainable as a class action under Rule 23 of the FRCP because the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class; the claims of the Named Plaintiffs are typical of the claims of the class; and the Named Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

97.     Upon information and belief, the number of putative class members exceeds 55 persons. The exact number of class members may be determined from discovery and examination of the Defendants' payroll records.

98.     There are questions of fact and law common to the class, including without limitation:

A.     Whether and to what extent Defendants included the post-shift clerical duties described in Count V in Plaintiffs' hourly pay;

B.     Whether Plaintiffs' regular post-shift clerical duties constituted work incidental to their responsibilities as tipped employees; and

C.     Whether Defendants kept accurate and reliable records of time worked by Plaintiffs, including the time spent performing post-shift duties of the type described in Count V.

99.     The damages suffered by the putative class members arise from the same nucleus of operative facts.  Moreover, the nature of the damages described in this Count V lends itself to computing damages by way of a mathematical formula applicable to each class member.

100.     The Named Plaintiffs will fairly and adequately protect the interests of the class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

101.     The claims asserted herein are typical of the class members they seek to represent.

102.     Upon information and belief, there are no other members of the putative class who have an interest controlling the prosecution of his or her individual claims.  Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

**Count VI**
**Violation of Fair Labor Standards Act**
**Collective Action for Unpaid Overtime**

103.     Plaintiffs re-allege and incorporate by reference paragraphs 1-102 as this paragraph 103.

104.     The FLSA provides that a non-exempt hourly employee must be paid an overtime rate equal to one and a half times his or her regular hourly rate of pay for all hours worked in excess of 40 hours per work week.  29 U.S.C. § 207(a)(1).

105.     Defendants willfully ignored the maximum hours requirements imposed by FLSA by failing to record as "time worked" all post-shift clerical hours worked by Plaintiffs and those similarly situated therewith during the FLSA Statutory Period. *See* ¶¶ 12-18, *supra*.

106.     The FLSA imposes an obligation on employers to create, maintain, and preserve accurate records of the time worked by their employees.  *See* 29 U.S.C. § 211(c); 29 C.F.R. §516.2.

107.     Defendants failed to create, maintain, and preserve accurate records of the time worked by Plaintiffs in connection with the post-shift clerical time described above.

108.     As a result of Defendants' failure to create, maintain, or preserve such employee records, Plaintiffs were not properly credited for the entire number of hours that they worked for Defendants.

109.     Upon information and belief, Defendants' systematic and intentional underreporting of hours worked by Plaintiffs resulted in numerous instances in which Plaintiffs were eligible for overtime pay but did not receive it.

110.     Defendants' violations of FLSA described in this Count VI were willful and Plaintiffs have suffered harm as a proximate result thereof.

111.     Named Plaintiffs and other hourly employees working as bartenders and cocktail servers for Defendant during the FLSA Statutory Period are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

112.     Accordingly, Plaintiffs bring this collective action under the FLSA to recover all unpaid overtime earned by Plaintiffs during the FLSA Statutory Period.

**Count VII**
**Violation of Illinois Minimum Wage Law**
**Class Action for Unpaid Overtime**

113.      Plaintiffs re-allege and incorporate by reference paragraphs 1-112 as this paragraph 113.

114.    The IMWL requires that a non-exempt hourly employee be paid an overtime rate equal to one and a half times his or her regular hourly rate of pay for all hours worked in excess of 40 hours per work week.  820 ILCS 105/4(a).

115.    Defendants willfully ignored the maximum hour requirements imposed by the IMWL by failing to record as "time worked" all post-shift clerical hours worked by Plaintiffs and those similarly situated therewith during the IMWL Statutory Period. *See* ¶¶ 12-18, *supra*.

116.    The IMWL imposes an obligation on employers to create, maintain, and preserve accurate records of the time worked by their employees.  820 ILCS 105/8

117.    Defendants failed to create, maintain, and preserve accurate records of the time worked by Plaintiffs in connection with the post-shift clerical time described above.

118.    As a result of Defendants' failure to create, maintain, or preserve such employee records, Plaintiffs were not properly credited for the entire number of hours that they worked for Defendants.

119.    Upon information and belief, Defendants' systematic and intentional underreporting of hours worked by Plaintiffs resulted in numerous instances in which Plaintiffs were eligible for overtime pay but did not receive it.

120.    Defendants' violations of the IMWL described in this Count VII were willful and Plaintiffs have suffered harm as a proximate result thereof.

121.    Accordingly, Plaintiffs pursuant to Rule 23 of the FRCP bring their claims for relief under this Count VII individually and on behalf of the putative IMWL Class as defined above.

122.    This action is properly maintainable as a class action under Rule 23 of the FRCP because the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class; the claims of the Named Plaintiffs are typical of

the claims of the class; and the Named Plaintiffs will fairly and adequately represent and protect the interests of the class at large.

123.    Upon information and belief, the number of putative class members exceeds 55 persons. The exact number of class members may be determined from discovery and examination of the Defendants' payroll records.

124.    There are questions of fact and law common to the class, including without limitation whether Defendants kept accurate and reliable records of all hours worked by Plaintiffs in the course of the employment.

125.    The damages suffered by the putative class members arise from the same nucleus of operative facts.  Moreover, the nature of the damages described in this Count VII lends itself to computing damages by way of a mathematical formula applicable to each class member.

126.    The Named Plaintiffs will fairly and adequately protect the interests of the class and have retained competent counsel that is extensively familiar with the factual and legal issues implicated herein.

127.    The claims asserted herein are typical of the class members they seek to represent.

128.    Upon information and belief, there are no other members of the putative class who have an interest controlling the prosecution of his or her individual claims.  Should any such individual become known, he or she may opt out of the class pursuant to Rule 23 of the FRCP.

**Count VIII**
**Violation of the Illinois Minimum Wage Law**
**Unpaid Minimum Wages Arising From Additional Work by Named Plaintiffs**

129.    Plaintiffs re-allege and incorporate by reference paragraphs 1-128 as this paragraph 129.

130.    In addition to the "off the clock" work common to all bartenders and cocktail servers at the end of their shifts described above, Plaintiffs Fransioli and Bustillo were enlisted by

Defendant Sanchez to perform additional "office time" in connection with their employment with Defendants.

131.     This "office time" consisted of arriving at Social Twenty-Five's location once or twice a week during the day and performing work of a clerical nature related primarily to the night club's marketing and mailing list management.

132.     Plaintiffs were not compensated for this time, whose duration ranged from four to six hours weekly for several months at a time.

133.     On one occasion, Defendant Sanchez explained to Plaintiff Fransioli that her continued employment with Defendants was contingent upon her willingness to donate her time for this "office work."

134.     The IMWL requires an employer to pay a minimum wage for each hour worked by one of its employee.  820 ILCS 105/4.

135.     Defendants' failure to pay Plaintiffs for the work described in this Count VIII was willful and Plaintiffs have suffered harm as a proximate result of Defendants' unlawful conduct.

136.     As a consequence of Defendants' willful violations of the IMWL described herein, Plaintiffs were not paid a minimum wage for each hour of work performed by them.

137.     Accordingly, Plaintiffs Fransioli and Bustillo pray by and through this Count VIII to recover all unpaid wages earned by Plaintiffs during the IMWL Statutory Period.

**Count IX**
**Violation of the Illinois Minimum Wage Law**
**Unpaid Overtime Arising From Additional Work by Plaintiff Fransioli**

138.     Plaintiffs re-allege and incorporate by reference paragraphs 1-137 as this paragraph 138.

139. The IMWL requires that a non-exempt hourly employee be paid an overtime rate equal to one and a half times his or her regular hourly rate of pay for all hours worked in excess of 40 hours per work week. 820 ILCS 105/4(a).

140. Defendants failed to accurately report the hours worked by Plaintiff Fransioli in several respects, including the "office hours" described in Count VIII of the Complaint.

141. As a result of Defendants' failure to create, maintain, or preserve such employee records, Plaintiffs Fransioli was not properly credited for the entire number of hours that she worked for Defendants.

142. Defendants' systematic and intentional underreporting of the "office hours" worked by Plaintiffs including Plaintiff Fransioli resulted in numerous instances in which Ms. Fransioli was eligible for overtime pay but did not receive it.

143. Defendants' violations of the IMWL described in this Count IX were willful and Plaintiff Fransioli has suffered harm as a proximate result thereof.

144. Accordingly, Plaintiff Fransioli prays by and through this Count IX to recover all unpaid overtime earned by her during the IMWL Statutory Period.

<u>**Count X**</u>
<u>**Violation of the Illinois Wage Payment and Collection Act**</u>
<u>**Retaliation as to Plaintiff Fransioli**</u>

145. Plaintiffs re-allege and incorporate by reference paragraphs 1-144 as this paragraph 145.

146. During the last year of her tenure of employment with Defendants, Plaintiff Fransioli became increasingly vocal about her concerns regarding, *inter alia*, the wage and hour practices of her employer.

147. On several occasions, Plaintiff Fransioli would ask management about the propriety of the house tip-out and the validity of the tip pool in which she was forced to participate.

148. Her objections to the unlawful practices now enumerated in the Complaint came to a head in April 2016, when she confronted Defendant Sanchez about, *inter alia*, his compliance with federal and state labor law and demanded a change in Defendants' employment practices generally and payment of her full share of tips specifically.

149. Her demand was ignored but Defendant Sanchez adopted thereafter an especially hostile posture and tone in his dealings with Plaintiff Fransioli, culminating with her constructive discharge.

150. Plaintiff Fransioli's discussions with Defendants' management including those with Defendant Sanchez constitutes protected activity within the meaning of the IWPCA. 820 ILCS 115/14(c).

151. Defendant's subsequent treatment of Ms. Fransioli, up to and including her constructive termination, constituted a retaliatory action within the meaning of the IWPCA. *Id.*

152. Plaintiff Fransioli voiced numerous objections to Defendant Sanchez regarding the unpaid "office work" to which she was compulsorily conscripted and for which she was not paid.

153. Defendant Sanchez's express assertion that Fransioli's continued participation in this "off the clock" program was a necessary condition of her employment constituted an adverse employment action calculated to deprive Plaintiff Fransioli of her rights under the IWPCA.

154. Accordingly, Plaintiff Fransioli prays for all equitable relief that this Court may deem just in connection with this Count X.

## **Jury Demand**

155. Plaintiffs, by and through undersigned counsel, demand a trial by jury on all claims so triable.

## Prayer for Relief

**WHEREFORE**, the Plaintiffs JILLIAN S. FRANSIOLI and JENNIFER BUSTILLO, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys LAW OFFICE OF RICHARD J. ZITO LLC, demand judgment against Defendants, jointly and severally, and in favor of Plaintiffs and all others similarly situated, for a sum that will adequately and completely compensate Plaintiffs for the extent and duration of their damages, the cost of maintaining this action, and as follows:

A. Certify a class pursuant to Counts II, III, V, and VII, and appoint LAW OFFICE OF RICHARD J. ZITO LLC as class counsel therefor.

B. Order the Defendants to file with this Court and to furnish to Plaintiffs' counsel a list of all names, addresses, and phone numbers of all tipped employees by Defendants who work for Defendants or who have worked for Defendants at any time within the three years immediately preceding the filing of this lawsuit;

C. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former tipped employees employed by Defendants at any time within the three years immediately preceding the filing of this lawsuit, informing them that this lawsuit has been filed, of the nature of the lawsuit, and of their right to opt-in as to Counts I, IV, and VI;

D. Declare and find that the Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

E. Declare and find that the Defendants willfully violated the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*;

F. Declare and find that the Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.*;

G. Award compensatory damages, including all regular pay owed, in an amount subject to proof;

H. Award liquidated damages on all compensation due accruing from the date such amounts were lawfully due as required by the FLSA;

I. Award 2% per month interest on all regular and overtime pay due accruing from the date such amounts were due until it is paid, pursuant to the IMWL;

J.      Award all costs and reasonable attorney's fees incurred in the prosecution of this action;

K.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

L.      For such further relief as the Court deems just.

Dated: June 26, 2017               Respectfully submitted,

By:    **/s/ Richard J. Zito, Esq.**
Richard J. Zito, Esq.
LAW OFFICE OF RICHARD J. ZITO LLC
**Attorneys for Plaintiffs**
200 East Randolph Drive, Suite 5100
Chicago, Illinois 60601
(312) 883-5298
rich@zitolawchicago.com