IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jillian S. Fransioli, et al., | ) | |
|     Plaintiffs, | ) | Case No: 17 C 4763 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| 25 W. Hubbard Inc., et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth below, Defendants' motion to dismiss [23] is denied.

## STATEMENT

In their amended complaint, Plaintiffs seek to recover on behalf of themselves and all similarly-situated individuals unpaid wages, unlawfully-retained tips, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment Collection Act ("IWPCA"). Plaintiffs seek to represent current and former tipped bartenders and cocktail servers who worked at Defendants' establishments. (1st Am. Compl., Dkt. # 21, ¶ 1.) According to Plaintiffs, Defendants paid them an hourly wage below the minimum wage, justifying the underpayment by improperly applying a "tip credit" to their wages, which did not comply with the relevant tip credit provisions of the FLSA and the IMWL. (*Id*. ¶¶ 3-4.) Plaintiffs further allege that Defendants required them to perform untipped clerical and administrative work at the end of their shifts, for which they were paid a sub-minimum hourly rate or not at all. (*Id*. ¶ 6.) Plaintiff Fransioli asserts that when she confronted Defendant Sanchez about the purported improper payment practices, she was retaliated against in violation of the IWPCA. (*Id*. ¶ 7.)

Defendants argue that Plaintiffs' claims should be dismissed because they fail to allege sufficient facts in support. To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank*

*Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Applying these principles to the first amended complaint, the Court finds that it sufficiently alleges facts in support of Plaintiffs' illegal tip pools, including that:

> 8. Plaintiffs were directed by managerial staff, including but not limited to Defendant Roman Sanchez, to remit 15% of their nightly gratuities in cash to Defendants as the "house tip out."
>
> 9. At the close of business every night, each cocktail server and bartender on duty would tally up their cash and credit card receipts and tips and calculate his or her 15% "house tip out," which was then payable in cash to the manager in duty before leaving work.
>
> 10. On occasions when Plaintiff Fransioli inquired as to the propriety of the "house tip out", she was told by Defendant Sanchez that the unlawfully retained 15% was used to pay for security staff and cleaning services contracted by Defendants and that providing this portion of her tips to Defendants was "for her own protection" and "to leave well enough alone."
>
> 11. While the FLSA and the IMWL permit an employer with tipped employees to pay those employees an hourly rate that is below the standard minimum wage, an employer's eligibility to do so lawfully is contingent upon the employer's compliance with the tip-credit provisions provided by the statutes. See 29 U.S.C. § 203(m); 820 ILCS 105/4(3)(c).
>
> 12. At all times relevant hereto, Defendants did not comply with the tip-credit provisions of the FLSA and IMWL because they operated a tip pool that was rendered illegal by virtue of the participation by management and ownership in the sharing of employee tips. 29 C.F.R. § 531.59.

(1st Am. Compl. Dkt. # 21, ¶¶ 8-12.)

With respect to the claims regarding unpaid wages for non-tipped and off-the-clock work, Plaintiffs allege that:

> 13. Each night after closing, Plaintiffs' additional job responsibilities included tallying and tabulating sales receipts in order to both assist Defendants with their bookkeeping as well as to calculate and then effectuate the mandatory, illegal "house tip out" to management described above.
>
> 14. These job duties generally took place after all customers had left the facility and the night club was for all practical purposes converted into an office in which Plaintiffs performed their clerical functions at the behest and for the benefit of

Defendants.

15. These clerical and accounting job functions performed by Plaintiffs were not merely incidental to Plaintiffs' tipped duties; rather, they constituted a distinct change of work conditions and type of work and were performed for a specific, routinized, and regular period at the end of each shift.

16. Additionally, Plaintiffs would be compelled to remain at the closed nightclub while other employees or management worked on clerical matters.

17. Defendants did not regularly and consistently log these hours on the Plaintiffs' hourly time sheets.

18. In any instances in which Plaintiffs' hourly time sheets did accurately and completely reflect their time engaged performing the after-closing clerical work described above, Plaintiffs were impermissibly paid the subminimum hourly wage for such time.

19. Moreover, Named Plaintiffs were recruited by Defendant Sanchez to perform additional job duties for Defendants "off the clock" as a condition of their continued employment.

20. These off-the-clock duties required Plaintiff Fransioli to work on preparing marketing lists in the office once a week for approximately six months, typically on Thursdays. Plaintiff Fransioli was not paid for any of these hours, but was assured instead by Defendant Sanchez that her cooperation was crucial to remaining in the bartending and waitressing scheduling picture.

21. Plaintiff Bustillo was also similarly conscripted for what was known as "office duty" for a period of approximately three months pursuant to substantially similar conditions—namely, no pay and the looming threat of an adverse employment action in the event she did not comply with the terms.

22. Defendants' failure to pay the regular hourly minimum wage to its employees for hours worked by Plaintiffs constitutes a violation of the FLSA and IMWL with respect to each hour worked by Plaintiffs during the relevant period.

(*Id*. ¶¶ 13-22.)

The Court disagrees with Defendants' characterization of these allegations as "vague," and with their assertion that courts in this district require Plaintiffs to allege "the number of hours Plaintiffs claimed to work or the amounts they were actually paid for their work in order to identify even a single workweek when they were paid less then the minimum wage." (Defs.' Reply, Dkt. # 34, at 3.) Plaintiffs' allegations comply with the pleading requirements set forth

3

by the Supreme Court, as detailed above.

As to Fransioli's IWPCA retaliation claim,[1] Defendants assert that she fails to allege that she engaged in activities protected by that statute. Specifically, Defendants assert that Fransioli's allegation that she was retaliated against for having raised concerns involving payment of the minimum wage, the hours of work she performed, and tip-pooling requirements are not within the scope of the IWPCA, which protects an employee who complains "that he or she has not been paid in accordance with the provisions of the Act." 820 ILCS 115/14(c). While the IWPCA "does not establish a substantive right to overtime pay or any other kind of wage," a cause of action may lie "based on wrongfully held compensation pursuant to a contract or agreement." *Enger v. Chi. Carriage Cab Co.*, 77 F. Supp. 3d 712, 715-16 (N.D. Ill. 2014). Defendants contend that Fransioli has not alleged the existence of an agreement or contract.

The Court notes that "[a]n agreement to pay what is already required by law is insufficient to state a claim under the IWPCA." *Dougherty v. City of Chi.*, No. 15 C 10975, 2017 WL 5455374, at *4 (N.D. Ill. Nov. 14, 2017). Fransioli argues that the amended complaint includes reference to a flat-fee agreement in connection with a New Year's Eve party at which Fransioli was engaged to provide bartending services. (1st Am. Compl., Dkt. # 21, ¶ 116.) Given that Fransioli allegedly "demanded . . . generally . . . payment of her full share of tips and wages" (*id*.), which includes payment under the purported flat-fee arrangement, and was retaliated against for having done so, the Court finds Plaintiff has stated a claim under the IWCPA.

Finally, Defendants assert that Plaintiffs' unjust enrichment claim is preempted by the FLSA. "There is a general consensus among courts in this district and elsewhere that the FLSA preempts unjust enrichment and other common law claims that are grounded in the same facts as the FLSA claim." *Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *5 (N.D. Ill. Mar. 22, 2016). The *Labriola* court, however, concluded that "[p]reemption is not an issue with respect to Plaintiffs' allegations that Defendants improperly confiscated portions of Plaintiffs' tips" because the "FLSA does not authorize a claim for the return of tip money unrelated to any claim for unpaid minimum or overtime wages." *Id*. While recognizing that some courts have found that the FLSA provides the sole remedy for a claim arising from a tip-pooling violation, see e.,g., *Morgan v. Speakeasy, LLC*, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007), the Court agrees with the *Labriola* court that the FLSA does not preempt a claim for recouping tips that allegedly lawfully belong to the employees and not the employers. *See Malivuk v. Ameripark, LLC*, 694 F. App'x 705, 709 (11th Cir. 2017) (while concluding that Plaintiff did not have a private cause of action under the FLSA for the improper withholding of tips, stating that "nothing about our present holding undermines . . . a plaintiff's ability to collect unpaid tips through an appropriate state law claim.").

For these reasons, Defendants' motion to dismiss [23] is denied.

---

[1] Fransioli is the only plaintiff named in this claim.

**Date:** January 10, 2018

                                              **Ronald A. Guzmán**
                                              **United States District Judge**