# **<u>EXHIBIT 1</u>**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Jennifer Bustillo ("Plaintiff"), on the one hand, 25 W. Hubbard Inc. ("Social 25"), 113 W. Hubbard LLC ("Mercer 113"), and Roman Sanchez ("Sanchez") (collectively referred to as "Defendants") (Plaintiff and the Defendants are collectively referred to as the "Parties"), to completely settle and resolve all issues or claims that Plaintiff may have with Defendants in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act, and Illinois state law, Case No. 17 CV 4763, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied that they in any way violated any of their applicable legal obligations to Plaintiff, or are otherwise liable to Plaintiff.

WHEREAS, the Parties now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised or that could have been raised in the Lawsuit by Plaintiff against Defendants.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1.    **Settlement Payment**

   a.    In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiff the following payments, which collectively shall be referred to as the Settlement Payments for purposes of this Agreement:

      i.    One check payable to the order of Jennifer Bustillo in the amount of One Thousand One Hundred Twenty-Three Dollars and Eighty-Two Cents ($1,123.82), which shall constitute compensation for Plaintiff's claim for liquidated damages and non-wage compensation;

      ii.    One check payable to the order of Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Five Cents ($5,918.05); and

      iii.    One check payable to the order of Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Five Cents ($5,918.05).

   b.    Payment of these Settlement Payments is contingent upon: (i) Plaintiff returning a signed Agreement to Defendants; (ii) Plaintiff and her counsel providing to Defendants' counsel all required documentation for reporting the Settlement Payment to the IRS; (iii) approval of this Agreement by the Court; and (iv) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. The portions of the Settlement Payment required in subpart 1.a.i. and 1.a.ii. of this Section will be made within seven (7) days of the date that all of the conditions of payment have been satisfied. The portion of the Settlement Payment required in subpart

l.a.iii. of this Section will be made within sixty (60) days of the date that all of the conditions of payment have been satisfied.

   c.  Defendants make no representations as to the taxability of the Settlement Payments or the manner in which they have been characterized for tax purposes. Plaintiff will be solely responsible for any tax consequences of the Settlement Payments.

  **2.**  <u>Release and Covenant Not to Sue</u>

   a.  To the greatest extent permitted by law, Plaintiff, on behalf of herself and her agents, heirs, and assigns, agrees to release the Defendants and the Released Parties (as defined in Paragraph 2(e) below) regarding all claims she has or might have as of the time of execution of this Agreement, whether known or unknown. By way of explanation, but not limiting its completeness, Plaintiff hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Plaintiff 's employment with any of the Defendants, the cessation of her employment, and any alleged act or omission to act by the Released Parties, whether related or unrelated to Plaintiff 's employment, occurring and/or accruing prior to the execution, by Plaintiff, of this Agreement. Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on her behalf.

   b.  Without limiting the foregoing terms, this Agreement specifically includes all claims of Plaintiff for any alleged unpaid minimum wage, straight time wage, overtime wage, gratuities, any other wages or compensation, final compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"), the Portal-to-Portal Act, 29 C.F.R. § 790.5, Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, as well as any and all claims based upon discrimination, harassment, retaliation, breach of contract, and/or all claims by her based upon any other statutory or common law theory. The release also includes any tort, and any and all claims Plaintiff may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law.

   c.  This Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates any and all of her claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

2

d. Plaintiff promises and covenants that she will not file any lawsuit against the Defendants or any of the Released Parties based upon any claim covered under the foregoing release.

e. Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Defendants and each of their affiliated companies or persons, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

f. Nothing in this release and covenant not to sue restricts Plaintiff's right to enforce this Agreement and the promises set forth herein, nor does it prohibit Plaintiff from filing a charge, participating or cooperating with the investigation of a government agency.

g. Plaintiff understands and agrees that she may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against the any of the Defendants, this Agreement or the Settlement Payment, except in an action alleging a breach of this Agreement.

### 3. Dismissal

The Parties will request dismissal of the Lawsuit to be initially without prejudice, without fees and costs other than those provided in this Agreement. Said dismissal without prejudice shall automatically convert to a dismissal with prejudice in eighty-five (85) days, unless Plaintiffs file a motion to reinstate for failure to comply with Defendants' obligations in Paragraph 1 above. The Parties agree to submit this Agreement to the Honorable District Court Judge Ronald A. Guzman for Court approval. Upon Court approval, Plaintiff agrees to take all steps to dismiss the Lawsuit, and that the Court may enter an order dismissing the lawsuit in accordance with this Agreement.

### 4. Plaintiff's Acknowledgement of Compensation

Plaintiff agrees that, with the Settlement Payment, as well as the wages paid during the course of her employment, the Defendants and the Released Parties have fully compensated her for an amount in excess of all wages and other compensation owed to her, including final compensation, minimum wage and overtime pay for each hour she worked for the any of the Defendants, and for any other damages and liquidated damages to which she alleges that she is entitled. She further acknowledges that she has no equitable or common law basis to claim additional compensation, reimbursement or disgorgement of money from Defendants.

### 5. Consideration and Revocation Periods

Plaintiff understands that she has been given time to consider this Agreement before she signs it (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

6. **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. The Parties further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and each of the Defendants.

7. **Full Knowledge, Consent, And Voluntary Signing**

Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and she has not been coerced, threatened, or intimidated into signing this Agreement.

8. **Nonassignment**

Plaintiff expressly represents that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(e)); (b) any rights that they may have to assert claims on her behalf or on behalf of others against the Released Parties; and (c) any right she has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration she receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

9. **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

10. **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

11. **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by any of the Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

4

12.     **Medicare and Social Security**

Plaintiff hereby warrants and represents that Plaintiff is presently not, nor has she ever been enrolled in Medicare Part A or Part B or applied for such benefits. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Plaintiff agrees to indemnify and hold the Company and the Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to the Company by Plaintiff. Plaintiff agrees to hold harmless the Company and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Plaintiff may sustain as a result of this Agreement. Employee is not aware of any Social Security (including Social Security disability) liens, claims, conditional or final demands, subrogated interests, or causes of action of any nature that may exist or have been asserted arising from or related to any claims released by this Agreement. Employee further agrees to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Social Security and/or persons or entities acting on behalf of Social Security, or any other person or entity, arising from or related to this Agreement or the Settlement Payment.

13.     **Right to Counsel**

Plaintiff acknowledges that she was informed that she has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by an attorney. Additionally, Plaintiff acknowledges that during the negotiations of this Agreement, Plaintiff had an opportunity to and did negotiate over the terms of this Agreement.

14.     **Counterpart Signatures**

This Agreement may be executed in counterparts. Faxed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

15.     **Acknowledgement**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**READ CAREFULLY.
THIS DOCUMENT CONTAINS JENNIFER BUSTILLIO'S
RELEASE AND WAIVER OF CLAIMS.**

5

JENNIFER BUSTILLO

Date: 04.05.18

113 W. HUBBARD LLC

Its: PRESIDENT

Date: 04/04/18

25 W. HUBBARD INC.

Date: 04/04/18

ROMAN SANCHEZ

Date: 04/04/18

6

# **<u>EXHIBIT 2</u>**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Jillian S. Fransioli ("Plaintiff"), on the one hand, 25 W. Hubbard Inc. ("Social 25"), 113 W. Hubbard LLC ("Mercer 113"), and Roman Sanchez ("Sanchez") (collectively referred to as "Defendants") (Plaintiff and the Defendants are collectively referred to as the "Parties"), to completely settle and resolve all issues alleged or that could have been alleged by Plaintiff her in the Lawsuit, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act, and Illinois state law, Case No. 17 CV 4763, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied that they in any way violated any of their applicable legal obligations to Plaintiff, or are otherwise liable to Plaintiff.

WHEREAS, the Parties now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised or that could have been raised in the Lawsuit by Plaintiff against Defendants.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1.  **Settlement Payment**

    a.  In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiff the following payments, which collectively shall be referred to as the Settlement Payments for purposes of this Agreement:

    i.  One check payable to the order of Jillian S. Fransioli in the gross amount of One Thousand Nine Hundred Sixty-One Dollars and Ten Cents ($1,961.10), which shall constitute compensation for Plaintiff's claim for unpaid wages and shall be subject to applicable deductions and withholdings, as required by law;

    ii. One check payable to the order of the Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Five Cents ($5,918.05);

    iii. One check payable to the order of the Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Four Cents ($5,918.04).

Payment of these Settlement Payments is contingent upon: (i) Plaintiff returning a signed Agreement to Defendants; (ii) Plaintiff and her counsel providing all required documentation for reporting the Settlement Payment to the IRS and receiving appropriate 1099 or W2 statements from Defendants; (iii) approval of this Agreement by the Court; and (iv) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. The portion of the Settlement Payment required in subparts 1.a.i and 1 a.ii. of this Section will be made within seven (7) days of the date that all of the conditions of payment have been satisfied. The portion of the Settlement Payment required in

subpart 1.a.iii of this Section will be made within sixty (60) days of the date that all of the conditions of payment have been satisfied.

        b.     Defendants make no representations as to the taxability of the Settlement Payments or the manner in which they have been characterized for tax purposes. Plaintiff will be solely responsible for any tax consequences of the Settlement Payments.

## 2.    **Release and Covenant Not to Sue**

        a.     To the greatest extent permitted by law, Plaintiff, on behalf of herself and her agents, heirs, and assigns, agrees to release the Defendants and the Released Parties (as defined in Paragraph 2(e) below) regarding all claims she asserted or could have asserted in the Lawsuit. By way of explanation, but not limiting its completeness, Plaintiff hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon any alleged act or omission by and of the Defendants or the Released Parties alleged in the Lawsuit or that could have been alleged in the Lawsuit occurring and/or accruing prior to the execution, by Plaintiff, of this Agreement. For avoidance of doubt, nothing in this Agreement shall be construed as a release of claims, liabilities, suits, or actions directly related to or arising from the allegations constituting the basis of Charge No. 2017CF1273 and Charge No. 2017CN1274 currently pending before the Illinois Department of Human Rights (IDHR). Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought by her or on her behalf relating to the matters covered within the release contained in this Agreement.

        b.     This Agreement specifically includes all claims of Plaintiff for any alleged unpaid minimum wage, straight time wage, overtime wage, gratuities, any other wages or compensation, final compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. I("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"), and the Portal-to-Portal Act, 29 C.F.R. § 790.5.

        c.     This Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates any and all of her claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

        d.     Plaintiff promises and covenants that she will not file any lawsuit against the Defendants or any of the Released Parties based upon any claim covered under the foregoing release.

e.   Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Defendants and each of their affiliated companies or persons, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

f.   Nothing in this release and covenant not to sue restricts Plaintiff's right to enforce this Agreement and the promises set forth herein, nor does it prohibit Plaintiff from filing a charge, participating or cooperating with the investigation of a government agency.

g.   Plaintiff understands and agrees that she may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against the any of the Defendants, this Agreement or the Settlement Payment, except in an action alleging a breach of this Agreement.

3.   **Dismissal**

The Parties will request dismissal of the Lawsuit to be initially without prejudice, without fees and costs other than those provided in this Agreement.  Said dismissal without prejudice shall automatically convert to a dismissal with prejudice in eighty-five (85) days, unless Plaintiffs file a motion to reinstate for failure to comply with Defendants' obligations in Paragraph 1 above.  The Parties agree to submit this Agreement to the Honorable District Court Judge Ronald A. Guzman for Court approval.  Upon Court approval, Plaintiff agrees to take all steps to dismiss the Lawsuit, and that the Court may enter an order dismissing the lawsuit in accordance with this Agreement.

4.   **Plaintiff's Acknowledgement of Compensation**

Plaintiff agrees that, with the Settlement Payment, as well as the wages paid during the course of her employment, the Defendants and the Released Parties have fully compensated her for an amount in excess of all wages and other compensation owed to her, including final compensation, minimum wage and overtime pay for each hour she worked for the any of the Defendants, and for any other damages and liquidated damages to which she alleges that she is entitled.  She further acknowledges that she has no equitable or common law basis to claim additional compensation, reimbursement or disgorgement of money from Defendants.

5.   **Consideration and Revocation Periods**

Plaintiff understands that she has been given time to consider this Agreement before she signs it (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

6.   **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. The Parties further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or

agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and each of the Defendants.

7.  **Full Knowledge, Consent, And Voluntary Signing**

Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and she has not been coerced, threatened, or intimidated into signing this Agreement.

8.  **Nonassignment**

Plaintiff expressly represents that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(e)); (b) any rights that they may have to assert claims on her behalf or on behalf of others against the Released Parties; and (c) any right she has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration she receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

9.  **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

10.  **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

11.  **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by any of the Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

12.  **Medicare and Social Security**

Plaintiff hereby warrants and represents that Plaintiff is presently not, nor has she ever been enrolled in Medicare Part A or Part B or applied for such benefits. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Plaintiff agrees to indemnify and hold the Company and the Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a

result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to the Company by Plaintiff. Plaintiff agrees to hold harmless the Company and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Plaintiff may sustain as a result of this Agreement. Employee is not aware of any Social Security (including Social Security disability) liens, claims, conditional or final demands, subrogated interests, or causes of action of any nature that may exist or have been asserted arising from or related to any claims released by this Agreement. Employee further agrees to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Social Security and/or persons or entities acting on behalf of Social Security, or any other person or entity, arising from or related to this Agreement or the Settlement Payment.

13.    **Right to Counsel**

Plaintiff acknowledges that she was informed that she has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by an attorney. Additionally, Plaintiff acknowledges that during the negotiations of this Agreement, Plaintiff had an opportunity to and did negotiate over the terms of this Agreement.

14.    **Counterpart Signatures**

This Agreement may be executed in counterparts. Faxed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

15.    **Acknowledgement**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**READ CAREFULLY.**
**THIS DOCUMENT CONTAINS JILLIAN S. FRANSIOLI'S**
**RELEASE AND WAIVER OF CLAIMS.**


**[SIGNATURE PAGE FOLLOWS]**

JILLIAN S. FRANSIOLI

_____

Date: _____4/5/18_____

113 W. HUBBARD LLC

_____

Its:_____

Date: _____

25 W. HUBBARD INC.

_____

Date: _____

ROMAN SANCHEZ

_____

Date: _____

6

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Jillian S. Fransioli ("Plaintiff"), on the one hand, 25 W. Hubbard Inc. ("Social 25"), 113 W. Hubbard LLC ("Mercer 113"), and Roman Sanchez ("Sanchez") (collectively referred to as "Defendants") (Plaintiff and the Defendants are collectively referred to as the "Parties"), to completely settle and resolve all issues alleged or that could have been alleged by Plaintiff her in the Lawsuit, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Act, the Illinois Wage Payment and Collection Act, and Illinois state law, Case No. 17 CV 4763, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied that they in any way violated any of their applicable legal obligations to Plaintiff, or are otherwise liable to Plaintiff.

WHEREAS, the Parties now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters raised or that could have been raised in the Lawsuit by Plaintiff against Defendants.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1. **Settlement Payment**

   a. In consideration for the promises in this Agreement, Defendants shall cause to be paid to Plaintiff the following payments, which collectively shall be referred to as the Settlement Payments for purposes of this Agreement:

   i. One check payable to the order of Jillian S. Fransioli in the gross amount of One Thousand Nine Hundred Sixty-One Dollars and Ten Cents ($1,961.10), which shall constitute compensation for Plaintiff's claim for unpaid wages and shall be subject to applicable deductions and withholdings, as required by law;

   ii. One check payable to the order of the Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Five Cents ($5,918.05);

   iii. One check payable to the order of the Law Office of Richard J. Zito in the amount of Five Thousand Nine Hundred Eighteen Dollars and Four Cents ($5,918.04).

Payment of these Settlement Payments is contingent upon: (i) Plaintiff returning a signed Agreement to Defendants; (ii) Plaintiff and her counsel providing all required documentation for reporting the Settlement Payment to the IRS and receiving appropriate 1099 or W2 statements from Defendants; (iii) approval of this Agreement by the Court; and (iv) dismissal of the Lawsuit as provided in Paragraph 3 of this Agreement. The portion of the Settlement Payment required in subparts 1.a.i and 1 a.ii. of this Section will be made within seven (7) days of the date that all of the conditions of payment have been satisfied. The portion of the Settlement Payment required in

subpart 1.a.iii of this Section will be made within sixty (60) days of the date that all of the conditions of payment have been satisfied.

b.     Defendants make no representations as to the taxability of the Settlement Payments or the manner in which they have been characterized for tax purposes. Plaintiff will be solely responsible for any tax consequences of the Settlement Payments.

2.     **Release and Covenant Not to Sue**

a.     To the greatest extent permitted by law, Plaintiff, on behalf of herself and her agents, heirs, and assigns, agrees to release the Defendants and the Released Parties (as defined in Paragraph 2(e) below) regarding all claims she asserted or could have asserted in the Lawsuit. By way of explanation, but not limiting its completeness, Plaintiff hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges Defendants from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon any alleged act or omission by and of the Defendants or the Released Parties alleged in the Lawsuit or that could have been alleged in the Lawsuit occurring and/or accruing prior to the execution, by Plaintiff, of this Agreement. For avoidance of doubt, nothing in this Agreement shall be construed as a release of claims, liabilities, suits, or actions directly related to or arising from the allegations constituting the basis of Charge No. 2017CF1273 and Charge No. 2017CN1274 currently pending before the Illinois Department of Human Rights (IDHR). Plaintiff further waives any right to any form of recovery, compensation or other remedy in any action brought by her or on her behalf relating to the matters covered within the release contained in this Agreement.

b.     This Agreement specifically includes all claims of Plaintiff for any alleged unpaid minimum wage, straight time wage, overtime wage, gratuities, any other wages or compensation, final compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. I("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"), and the Portal-to-Portal Act, 29 C.F.R. § 790.5.

c.     This Agreement includes and extinguishes all claims Plaintiff may have for equitable and legal relief, attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates any and all of her claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

d.     Plaintiff promises and covenants that she will not file any lawsuit against the Defendants or any of the Released Parties based upon any claim covered under the foregoing release.

      e.      Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Defendants and each of their affiliated companies or persons, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

      f.      Nothing in this release and covenant not to sue restricts Plaintiff's right to enforce this Agreement and the promises set forth herein, nor does it prohibit Plaintiff from filing a charge, participating or cooperating with the investigation of a government agency.

      g.      Plaintiff understands and agrees that she may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against the any of the Defendants, this Agreement or the Settlement Payment, except in an action alleging a breach of this Agreement.

### 3.    **Dismissal**

The Parties will request dismissal of the Lawsuit to be initially without prejudice, without fees and costs other than those provided in this Agreement. Said dismissal without prejudice shall automatically convert to a dismissal with prejudice in eighty-five (85) days, unless Plaintiffs file a motion to reinstate for failure to comply with Defendants' obligations in Paragraph 1 above. The Parties agree to submit this Agreement to the Honorable District Court Judge Ronald A. Guzman for Court approval. Upon Court approval, Plaintiff agrees to take all steps to dismiss the Lawsuit, and that the Court may enter an order dismissing the lawsuit in accordance with this Agreement.

### 4.    **Plaintiff's Acknowledgement of Compensation**

Plaintiff agrees that, with the Settlement Payment, as well as the wages paid during the course of her employment, the Defendants and the Released Parties have fully compensated her for an amount in excess of all wages and other compensation owed to her, including final compensation, minimum wage and overtime pay for each hour she worked for the any of the Defendants, and for any other damages and liquidated damages to which she alleges that she is entitled. She further acknowledges that she has no equitable or common law basis to claim additional compensation, reimbursement or disgorgement of money from Defendants.

### 5.    **Consideration and Revocation Periods**

Plaintiff understands that she has been given time to consider this Agreement before she signs it (the "consideration period"), and agrees that this consideration period has been reasonable and adequate.

### 6.    **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. The Parties further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or

agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and each of the Defendants.

### 7.   **Full Knowledge, Consent, And Voluntary Signing**

Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and she has not been coerced, threatened, or intimidated into signing this Agreement.

### 8.   **Nonassignment**

Plaintiff expressly represents that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2(e)); (b) any rights that they may have to assert claims on her behalf or on behalf of others against the Released Parties; and (c) any right she has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration she receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

### 9.   **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

### 10.   **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

### 11.   **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by any of the Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

### 12.   **Medicare and Social Security**

Plaintiff hereby warrants and represents that Plaintiff is presently not, nor has she ever been enrolled in Medicare Part A or Part B or applied for such benefits. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of Plaintiff, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs. Plaintiff agrees to indemnify and hold the Company and the Released Parties harmless from: (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a

result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the settlement payment, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to the Company by Plaintiff. Plaintiff agrees to hold harmless the Company and the Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) that Plaintiff may sustain as a result of this Agreement. Employee is not aware of any Social Security (including Social Security disability) liens, claims, conditional or final demands, subrogated interests, or causes of action of any nature that may exist or have been asserted arising from or related to any claims released by this Agreement. Employee further agrees to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Social Security and/or persons or entities acting on behalf of Social Security, or any other person or entity, arising from or related to this Agreement or the Settlement Payment.

## 13. Right to Counsel

Plaintiff acknowledges that she was informed that she has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by an attorney. Additionally, Plaintiff acknowledges that during the negotiations of this Agreement, Plaintiff had an opportunity to and did negotiate over the terms of this Agreement.

## 14. Counterpart Signatures

This Agreement may be executed in counterparts. Faxed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

## 15. Acknowledgement

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**READ CAREFULLY.**
**THIS DOCUMENT CONTAINS JILLIAN S. FRANSIOLI'S**
**RELEASE AND WAIVER OF CLAIMS.**


**[SIGNATURE PAGE FOLLOWS]**

JILLIAN S. FRANSIOLI

_____

Date: _____

113 W. HUBBARD LLC

_____

Its: PRESIDENT

Date: 4/4/18

25 W. HUBBARD INC.

_____

Date: 4/4/18

ROMAN SANCHEZ

_____

Date: 4/4/18

6